ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of -- | ) | |
| | ) | |
| Environmental Safety Consultants, Inc. | ) | ASBCA No. 58343 |
| | ) | |
| Under Contract No. N62470-95-B-2399 | ) | |

APPEARANCE FOR THE APPELLANT:  Mr. Peter C. Nwogu
President

APPEARANCES FOR THE GOVERNMENT:  Ronald J. Borro, Esq.
Navy Chief Trial Attorney
Ellen M. Evans, Esq.
Senior Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE FREEMAN
## ON APPELLANT'S MOTION FOR RECUSAL

Environmental Safety Consultants, Inc. (ESCI) is appealing the deemed denial of its termination settlement claim. After extensive pre-hearing proceedings, ESCI now moves for recusal of the presiding judge and his panel on the grounds that they have a bias and prejudice against appellant that makes a fair judgment impossible. Alternatively, ESCI asks that we voluntarily transfer the appeal to the Civilian Board of Contract Appeals (CBCA). The government has not responded to the motion. After careful consideration, we find the motion without merit.

ESCI contends that: "The Board's administration of appellant's appeal is plagued with bias and prejudice as demonstrated in the rejection of a[n] evidential hearing in appellant's ASBCA No. 58343 T4C, the denial of ASBCA No. 51722—Appellant's Equal Access for Justice Act, the denial of ASBCA 58221 and ASBCA 58847—Appellant's Request for Payment of Invoice No. 7" (mot. at 2).

The rejection of an evidential hearing to which ESCI refers was a rejection of ESCI's proposed hearing dates of 15-18 February 2014 because those dates did not allow for completion of a Defense Contract Audit Agency (DCAA) audit report on the claim. The audit report was not completed and published until 24 February 2014 (Bd. corr. file). On 2 April 2014 the Board requested the parties to confer and propose a mutually agreed hearing date no later than 15 May 2014 (Bd. corr. file email). The

parties to date have engaged in extensive motion practice and have not yet proposed a mutually agreed hearing date for ASBCA No. 58343.[1]

The Board's decisions in favor of the government in the EAJA claim in ASBCA No. 51722 (13 BCA ¶ 35,352, *aff'd on recon.*, 14-1 BCA ¶ 35,468, *2nd recon. dismissed*, 14-1 BCA ¶ 35,520) and in the Invoice No. 7 appeals in ASBCA Nos. 58221 (13 BCA ¶ 35,329) and 58847 (14-1 BCA ¶ 35,510) are no more indicative of bias and prejudice against ESCI than the Board's decision in favor of ESCI in the default termination appeal in ASBCA No. 51722 (11-2 BCA ¶ 34,848) is indicative of bias and prejudice against the government. We note in this regard that the decision in ASBCA No. 51722 (11-2 BCA ¶ 34,848) converting the default termination to a convenience termination, without which ESCI would have no termination settlement claim, was authored by the presiding judge in the present appeal. The same judge also authored the Board's denial of the government's Motion for Relief from Judgment from that decision (13 BCA ¶ 35,316).

ESCI alleges that the presiding judge's suggestion of, and request for briefs on, a potential lack of jurisdiction over a substantial amount of ESCI's termination settlement claim, and other interlocutory rulings and comments "with intent to favor the Government...are evidence of deep-seated favoritism and partiality in favor of the government" (mot. at 6). The ESCI termination settlement claim included substantial amounts for changes and delays by the government incurred in contract performance which, insofar as the pre-hearing record indicated, had not been submitted as claims under the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 7101-7109, within the time prescribed for such claims. Considering that the CDA statute of limitations on the submission of claims is jurisdictional, *see Taj Al Rajaa Company*, ASBCA No. 58801, 14-1 BCA ¶ 35,522 at 174,104, there were reasonable grounds for the presiding judge's request for the parties to brief the issue.

ESCI states that: "the Board's management of appellant's appeal is based on innuendos and false representations of the fact that the Board is receiving from perceived extra judiciary communications between the Board and the Navy," and that "[the presiding judge's] comment that appellant did not cooperate with DCAA audit could have been derived from extrajudicial source since there was no evidential

---

[1] ESCI states that "[the presiding judge] required appellant to travel with his witnesses to [the Board's offices in Falls Church, Virginia] for the T4C hearing in June 2014" (mot. at 16). The June hearing date was suggested, not required, by the presiding judge, and both parties declined the suggested date. Subsequently, ESCI's President and legal representative in the appeal requested a "leave" from Board proceedings for the period 10 July-15 September 2014 for family commitments (Bd. corr. file, email dtd. 24 June 2014). The Board granted the request (Bd. corr. file, ltr. dtd. 18 July 2014).

hearing to determine whether appellant cooperated with DCAA audit process" (mot. at 5-6, 8). There is not a scintilla of evidence supporting ESCI's allegations of "perceived extra judiciary communications" between the Board and the Navy regarding ESCI's lack of cooperation with the DCAA audit. There is ample documentation in the pre-hearing record, culminating in the 24 February 2014 DCAA audit report, from which the presiding judge could reasonably question ESCI's cooperation with the audit[2] (Bd. corr. file, DCAA Audit Report, 24 February 2014).

The standard for recusal of the Board or a presiding judge is stated in *Corners and Edges, Inc.*, ASBCA No. 55611 *et al.*, 10-1 BCA ¶ 34,326 at 169,530, quoting the Supreme Court in *Liteky v. United States*, 510 U.S. 540, 555-56 (1994), in pertinent part as follows:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion [citation omitted]. In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.... *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of

---

[2] The audit report stated that it could not provide an audit opinion because, contrary to FAR 49.206-2(b)(2), "ESCI's termination for convenience settlement proposal was not prepared using actual costs incurred through the effective date of the termination, but instead was based on an estimated increased contract price" (Bd. corr. file, DCAA Audit Report at 4).

3

what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune. [Emphasis in original]

The Board's decisions denying the Equal Access to Justice Application in ASBCA No. 51722 and the Invoice No. 7 claims in ASBCA Nos. 58221 and 58847, and the presiding judge's request for briefing, interlocutory rulings and comments on the case to the parties in the course of the pre-hearing proceedings, are clearly within the *Liteky* rule quoted above. "Moreover, allegations of unlawful bias or other unlawful conduct must be supported by evidence. Mere conclusory statements are insufficient." *Corners and Edges,* 10-1 BCA ¶ 34,326 at 169,530. ESCI has not shown any "extrajudicial source" involved in those Board decisions, or in the interlocutory rulings or comments of the presiding judge. Nor has it shown any comment or conduct of the Board or presiding judge indicating "such a high degree of favoritism or antagonism as to make a fair judgment impossible."

In *Environmental Safety Consultants, Inc.*, ASBCA No. 54995, 06-2 BCA ¶ 33,321 (an appeal under an Army Corps of Engineers contract), ESCI sought, on reconsideration, the removal of the presiding judge because "[he] has demonstrated pattern of suspect of extremely sympathetic to government's side of the cases he reviewed" (syntax in original). *Id.* at 165,212. In that appeal, we held that: "A judge's decisions in the instant case or in past cases are not valid grounds for his recusal.... Movant has identified no statement or conduct of [the presiding judge] or any of the other judges who concurred with the decisions…that show 'personal bias or prejudice' concerning appellant." *Id.* at 165,213. That is also the case here.

Finally, even if we were so inclined, appellant has pointed to no authority and we are aware of none, that permits the transfer of an appeal from the ASBCA to the CBCA.

4

## CONCLUSION

The motion is denied.

Dated: 2 September 2014

MONROE E. FREEMAN, JR.
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58343, Appeal of Environmental Safety Consultants, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

5